In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00466-CV
____________

LILLIAN LOZANO, Appellant

V.

SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee




On Appeal from the 190th Judicial District Court 
Harris County, Texas
Trial Court Cause No. 2000-51561 




SUPPLEMENTAL OPINION ON REHEARING
          On October 24, 2002, we issued an opinion reversing the trial court’s judgment
and remanding the cause. Spring Branch Independent School District (SBISD) has
filed a motion for rehearing. We deny the motion, but we issue this supplemental
opinion to address one of the arguments raised in SBISD’s motion. Our judgment
dated October 24, 2002 remains in full force and effect. 
          SBISD contends that the trial court erred in evaluating the purported causal
nexus between Lozano’s report and Chief Brawner’s recommendation of Lozano for
termination, rather than in evaluating whether a causal nexus existed between
Lozano’s report and the School Board’s termination decision. Issues not expressly
presented to the trial court by written motion, answer, or other response cannot be
considered on appeal as grounds for reversal. Casso v. Brand, 776 S.W.2d 551, 553
(Tex. 1989); Greathouse v. Alvin Indep. Sch. Dist., 17 S.W.3d 419, 426 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). That is, a movant’s summary judgment
motion must expressly present all issues that would establish its right to summary
judgment, or these grounds cannot be assigned as error on appeal. See Greathouse,
17 S.W.3d at 426. Because SBISD did not raise this argument in its motion for
summary judgment, we will not consider it on appeal. 
          We overrule SBISD’s motion for rehearing. 
 
 
 
 
 
 
 
 
          It is so ORDERED.



                                                                        Tim Taft
                                                                        Justice
Panel consists of Justices Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.4.